IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

          Plaintiff,

v.                                                    Case No. 19-10130-2-JWB

DANIEL FAJARDO-TORRES,

          Defendant.

## MEMORANDUM AND ORDER

This case comes before the court on Defendant's motion to reduce sentence. (Doc. 144.) The government opposes Defendant's motion.[1] Defendant's motion is DENIED for the reasons set forth herein.

**I.  Facts and Procedural History**

On December 2, 2020, Defendant pleaded guilty to a charge of possession with intent to distribute a controlled substance (Methamphetamine) in violation of 21 U.S.C. § 841(a)(1). (Doc. 78.) In his plea petition, Defendant admitted to possessing 500 grams or more of methamphetamine with an intent to distribute. (Doc. 77 at 2.) According to the presentence report, Defendant was a leader of a drug conspiracy which distributed large-scale amounts of methamphetamine. (Doc. 83 at ¶ 69.) Defendant was held accountable for 347,245.34 kilograms of converted drug weight which resulted in a base offense level of 38. (*Id.* at ¶ 66.) The sentencing guideline range was properly calculated at 292–365 months' imprisonment. (*Id.* at ¶ 105.) Only two short years ago, on February 19, 2021, Defendant was sentenced to 180 months' imprisonment. (Doc. 87.)

---

[1] Defendant did not file a reply brief and the time for doing so has now passed.

On January 17, 2023, Defendant filed a motion for compassionate release arguing that release is warranted because the court failed to impose a downward variance, the mandatory minimum sentence has changed, his conduct does not justify the sentence, his equal protection rights have been violated because he is being treated differently because of his status as an illegal alien, and his efforts at rehabilitation. The government opposes the motion.

**II.   Analysis**

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but [that] rule of finality is subject to a few narrow exceptions." *United States v. McGee*, 992 F.3d 1035, 1041 (10th Cir. 2021) (quoting *Freeman v. United States*, 564 U.S. 522, 526 (2011)). One exception is found in the "compassionate release" provision of 18 U.S.C. § 3582(c)(1)(A)(i), which allows a reduction when certain conditions are met including "extraordinary and compelling reasons warrant such a reduction…." Prior to 2018, that section only authorized the Director of the Bureau of Prisons to move for a reduction. *McGee*, 992 F.3d at 1041. The First Step Act changed this to allow a defendant to file his own motion for reduction after he "has fully exhausted[2] all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *United States v. Mata-Soto*, 861 F. App'x 251, 253 (10th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)).

The Tenth Circuit has endorsed a three-step test for district courts to use in deciding motions filed under § 3582(c)(1)(A). *McGee*, 992 F.3d at 1042. Under that test, the court may reduce a sentence if Defendant has administratively exhausted his claim and three other

---

[2] The government concedes that Defendjant has exhausted his administrative remedies here.

requirements are met: (1) "extraordinary and compelling" reasons warrant a reduction; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (3) the reduction is consistent with any applicable factors set forth in 18 U.S.C. § 3553(a). *Id*. A court may deny the motion when any of the three requirements is lacking and the court need not address the other requirements. *Id*. at 1043. But all requirements must be addressed when the court grants a motion for release under the statute. *Id*. With respect to the second requirement, applicable policy statements, the Tenth Circuit has held that the current policy statement on extraordinary circumstances is not applicable to motions filed by a defendant. *United States v. Maumau*, 993 F.3d 821, 837 (10th Cir. 2021). Defendant bears the burden of establishing that compassionate release is warranted under the statute. *See, e.g., United States v. Moreno,* 519 F. Supp. 3d 937, 941 (D. Kan. 2021).

Concerning the first requirement, the court agrees with the government's position that Defendant's arguments lack merit and declines to substantively address them. The majority of Defendant's arguments are not appropriately raised in a § 3582 motion. *See United States v. Wesley*, No. 07-20168-02-JWL, 2022 WL 715094, at *5 (D. Kan. Mar. 10, 2022) (citing *United States v. Williams*, 2020 WL 6059738, at *5 (D. Kan. Oct. 14, 2020) (compassionate release provision in § 3582(c)(1)(A) does not authorize relief based on a legal challenge to a defendant's conviction or sentence)); *United States v. Sykes*, No. 21-1709, 2022 WL 1462466, at *3 (6th Cir. Mar. 15, 2022) (finding that a defendant "cannot raise an equal protection violation under § 3582(c)(1)(A)."). With respect to an alleged change in the statutory minimum, Defendant has failed to show that his guideline sentence would be different if he was sentenced today. Further, although Defendant has made efforts at rehabilitation, those efforts do not constitute extraordinary circumstances in light of the fact that he was only sentenced two years ago.

Prior to granting a motion for compassionate release, the court must consider the sentencing factors set forth in § 3553(a). *McGee*, 992 F.3d at 1042. Some of the sentencing factors include the nature and circumstances of the offense; the need for the sentence imposed to reflect the seriousness of the offense and afford adequate deterrence; the guideline sentencing range; and the need to avoid unwarranted sentence disparities. 18 U.S.C. § 3553(a).

Although Defendant recognizes the severity of his crimes, Defendant argues that he has completed several educational courses, his sentence was harsh, and he has realized the error of his ways. Defendant's efforts at rehabilitation while incarcerated are outweighed by the criminal conduct discussed herein. Defendant was involved in a significant drug distribution conspiracy. Significantly, Defendant was sentenced for his crime two years ago and Defendant already obtained a below guideline sentence due to his plea bargain with the government. Defendant fails to persuade the court that a fifteen-year sentence entered two years ago should be reduced to time served. Reducing Defendant's sentence to time served would not reflect the seriousness of his criminal conduct, nor would it furnish adequate deterrence to criminal conduct or provide just punishment.

After reviewing Defendant's submissions, the court finds that the imposed 180-month sentence remains sufficient, but not greater than necessary, to meet the sentencing factors in § 3553(a) and punish the offense.

**III.   Conclusion**

Defendant's motion to reduce sentence (Doc. 144) is DENIED.

IT IS SO ORDERED. Dated this 28th day of February, 2023.

                                                s/ John W. Broomes
                                                JOHN W. BROOMES
                                                UNITED STATES DISTRICT JUDGE