IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                            Case No. 19-10130-2-JWB

DANIEL FAJARDO-TORRES,

        Defendant.

## MEMORANDUM AND ORDER

This case comes before the court on Defendant's motion to reduce sentence (Doc. 154). The government opposes Defendant's motion.[1]  Defendant's motion is DENIED for the reasons set forth herein.

**I.**    **Facts and Procedural History**

On December 2, 2020, Defendant pleaded guilty to a charge of possession with intent to distribute a controlled substance (Methamphetamine) in violation of 21 U.S.C. § 841(a)(1). (Doc. 78.)  According to the presentence report, Defendant was a leader of a drug conspiracy which distributed large-scale amounts of methamphetamine. (Doc. 83 at ¶ 69.)  The sentencing guideline range was properly calculated at 292-365 months' imprisonment. (*Id.* at ¶ 105.)  On February 19, 2021, Defendant was sentenced to 180 months' imprisonment. (Doc. 87.)

On January 17, 2023, Defendant filed a motion for compassionate release. The court denied the motion. (Doc. 146.)  Defendant now moves to reduce his sentence on the basis that he meets certain criteria under the amended guidelines.

**II.**    **Analysis**

---

[1] Defendant did not file a reply brief and the time for doing so has now passed.

1

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *See United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). Section 3582 allows for a possible sentence reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *See* 18 U.S.C. § 3582(c)(2). The Sentencing Commission amended the United States Sentencing Guidelines effective November 1, 2023. *See* 88 Fed. Reg. 28,254, 2023 WL 3199918 (May 3, 2023). Subpart 1 of Part B of Amendment 821 creates a new guideline, § 4C1.1, that provides for a decrease of two offense levels for certain "Zero-Point Offenders."

Defendant's motion asserts that this new guideline is applicable to him because he did not receive any criminal history points. The amended guideline provision, however, excludes certain individuals even if they are zero-point offenders. Defendant received a 3-level enhancement under Section 3B1.1(b) as a leader. (Doc. 83 ¶ 69.) Because of that enhancement, he is ineligible for a reduction. U.S.S.G. § 4C1.1(a)(10). He is also ineligible because his sentence was below the guidelines range.

### III.  Conclusion

Defendant's motion to reduce sentence (Doc. 154) is DENIED.

IT IS SO ORDERED. Dated this 24th day of March 2025.

          __ s/ John Broomes_____
          JOHN W. BROOMES
          UNITED STATES DISTRICT JUDGE